**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| Amalgamated Transit Union Local 1593, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 8:19-cv-00425 |
| v. | ) | |
| | ) | |
| Hillsborough Area Regional Transit | ) | |
| Authority, | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

### Introduction

1.      Amalgamated Transit Union Local 1593 ("ATU Local 1593") represents the bus drivers and mechanics of the Hillsborough Area Regional Transit Authority ("HART"), a corporate body organized under Florida law.  On February 13, 2019, Mr. Jeff Seward on behalf of HART emailed ATU Local 1593 that he has initiated discipline against members who have handed out copies of the leaflet attached as **Exhibit A** at the Marion Transit Center. That leaflet criticizes HART officials for ignoring safety and health problems related to brakes, mold on buses, and sickening diesel fumes.

2.      On behalf of HART, Mr. Seward also threatened legal action against ATU Local 1593 for handing out the leaflet to the public. HART counsel, Jackson Lewis, P.C., later sent ATU Local 1593 a letter that threatened to sue ATU Local 1593 and its "agents" for defamation for making that public criticism. HART placed the letter from its legal counsel in the mailbox of each driver and mechanic who might be deemed an "agent" of ATU Local 1593. HART counsel has since advised ATU Local 1593 that if it did not pledge to cease any speech critical of HART

safety practices by close of business on Monday February 18, 2019, HART would sue for an injunction to restrain such speech.

3.     Plaintiff ATU Local 1593 brings this action pursuant to 42 U.S.C. sec. 1983 for an order to enjoin defendant HART from disciplining its members for handing out the leaflet attached as **Exhibit A** in a public space at the Marion Transit Center and from other actions to deter its members from exercising their rights under the First Amendment.

**Parties**

4.     Plaintiff ATU Local 1593 is the exclusive bargaining representative of the bus drivers and mechanics who operate and repair the buses, including para-transit buses, and other fleet vehicles (collectively referred to as buses) at HART.

5.     Defendant Hillsborough Area Regional Transit Authority ("HART"), is the governmental agency that provides mass transit in the Tampa area, and is a public corporate body organized under the laws of Florida.

6.     HART is a state actor.

**Jurisdiction**

7.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. sec. 1331 and 1343.

8.     Venue is proper as the facts underlying the claims occurred within this judicial district, and also because the parties conduct their business and reside within this judicial district.

**Facts**

9.     HART and ATU Local 1593 are currently in negotiations for a new collective bargaining agreement.

10. Safety and health hazards with HART buses have been a major topic of discussion between the parties.

11. At various times, drivers represented by ATU Local 1593 have complained to HART that the brakes on their buses are not working properly.

12. At various times, when such a complaint about brakes is made, HART has "swapped" the bus in question to another driver – that is, giving a new bus to the complaining driver while keeping the other bus in service without repair.

13. In addition, some drivers have complained that the buses have dangerous mold that can be hazardous and sickening if inhaled.

14. In addition, drivers have complained of sickening fumes from diesel exhaust from the back of the bus.

15. HART has failed to address these various complaints to the satisfaction of ATU Local 1593.

16. On February 13, 2019, several members of ATU Local 1593 went to the Marion Transit Center and handed out a leaflet criticizing HART for failing to remedy the safety and health hazards described above.

17. A copy of that leaflet is attached as **Exhibit A,** and states in relevant part:

*IS SAFETY JOB ONE AT HART?*

*Operators and mechanics work hard each day to ensure the people of Tampa have a safe and reliable ride to get to work, school, medical appointments, and the grocery store.*

*However, Hillsborough Area Regional Transit officials are cutting corners that threaten the safety and health of riders and workers.*

- *Bad brakes – HART vehicles are regularly sent out with brakes that are not working, jeopardizing the safety of riders, operators, pedestrians and other vehicles on the road.*

- *Mold on vehicles – HART vehicles have mold, which cause adverse health effects – shortness of breath, congestion, headaches and more – when inhaled.*

- *Dangerous exhaust fumes – Poor exhaust and ventilation systems on HART vehicles are exposing riders and operators to dangerous diesel exhaust including carbon monoxide, formaldehyde, tiny soot parties and more."*

18.    The Marion Transit Center – where this leaflet was handed out –- is an open public area with no restriction or barrier to entry.

19.    There is no bar or written rule against solicitation at the Marion Transit Center.

20.    Groups other than ATU Local 1593 come to the Marion Transit Center to hand out flyers and solicit business or support for various causes and are allowed to do so.

21.    On February 13 2019, ATU Local 1593 members passed out the leaflet at-issue at the Marion Transit Center.

22.    Roughly two to six members would be leafletting at any given time.

23.    There was no disruption of regular bus service as a result of the leafletting, or otherwise.

24.    Members did not board the buses to hand out the leaflet.

25.    Upon information and belief, no passengers complained to HART that day about the leaflets.

26.    Various press and local media came to tape or interview the ATU Local 1593 members handing out the leaflet.

27.    HART was quick to retaliate.

28.    That same day, on February 13, 2019, on behalf of HART, Mr. Jeff Seward sent an email to Mr. Curtis Howard, who has been bargaining with HART on behalf of ATU Local 1593.

29.     Mr. Seward's email, attached as **Exhibit B**, states in relevant part:

> *I have to say I am highly disappointed in ATU's approach to negotiating with HART, specifically today's rallying of our ATU membership to actively protest our organization on HART property. I have directed Ms. Lee and Mr. Brackin to ascertain the level of contract infraction this represents, as I won't tolerate this behavior by our employees, or the instigation of such behavior by your organization's non-HART employee members.*

30.     Also on February 13, 2019, Richard Margulies, a lawyer with the firm of Jackson Lewis, P.C., sent a letter via email to Mr. Howard, stating that HART will sue ATU Local 1593 and its "agents" for defamation if they do not cease their criticism of safety practices at HART.

31.     A copy of that letter threatening a lawsuit by a state actor in response to public speech is attached as **Exhibit C**.

32.     The following day, HART placed the letter attached as **Exhibit C** in the mailbox of every driver and mechanic working at HART.

33.     On information and belief, HART intended the letter attached as **Exhibit C** to be read as a threat of legal action for money damages against both ATU Local 1593 *and* any person who received the letter in their mailbox who criticized HART in a many similar to the safety concerns expressed in the leaflet at issue.

34.     On February 15, 2019, counsel for ATU Local 1593 replied to Mr. Margulies with a letter requesting that HART withdraw the disciplinary action described by Mr. Seward and not interfere with the rights of ATU Local 1593 members under the First Amendment to hand out the leaflet. That letter is attached as **Exhibit D**.

35.     In that letter, counsel for ATU sought to talk the issue through on a call with counsel for HART.

36.     HART was again quick to respond, but not in a phone call between attorneys.

37.     Instead, counsel for HART wrote back that same day stating that HART would file suit asking a court for prior restraint of speech injunction in its favor against ATU Local 1593 members critical of HART's safety practices *unless* ATU Local 1593 agreed by Monday, February 18, 2019, to cease its criticism of safety and health conditions at HART. That letter is attached as **Exhibit E**.

38.     Accordingly, to prevent further reprisal against ATU Local 1593 members who engage in public criticism of HART, plaintiff ATU Local 1593 has brought the instant action.

### Count I—Violations of the First Amendment under 42 U.S.C. sec. 1983

39.     As set forth above, HART has initiated discipline of ATU Local members who handed out copies of the leaflet attached as Exhibit A, by directing its agents "to ascertain the level of contract infraction [the leafletting represents]."

40.     As further described above, including through the letters of its counsel, HART has strictly prohibited ATU Local 1593 members from any further public criticism of health and safety conditions at HART.

41.     To deter plaintiff ATU Local 1593 members even further, HART has communicated to every HART bus driver and mechanic a threat to bring suit against any of them individually who continues to criticize the safety and health conditions at HART.

42.     The disciplinary action and statements by HART and its counsel are intended to have and are likely to have a chilling effect on speech of ATU Local 1593 members.

43.     ATU Local 1593 members have a First Amendment right to speak on such subjects as safety and bus conditions, and to express their views and opinions without discipline or reprisal by HART.

44. By the acts set forth above, HART has taken adverse action against ATU Local 1593 members under color of law in response to those members' speech, and in particular the content of their speech.

45. By the acts set forth above, HART has threatened to take adverse action against ATU Local 1593 members because of the content of their speech.

46. In taking or threatening adverse action against ATU Local 1593 members, HART was acting under color of law.

47. By the acts set forth above, HART has infringed on the First Amendment rights of ATU Local 1593 members and in doing so has violated 42 U.S.C. sec. 1983.

48. Plaintiff ATU Local 1593 and its members have suffered and will suffer irreparable injury from such unlawful attempts to deter their speech.

49. The infringement of the ATU Local 1593 members' First Amendment rights is an irreparable injury.

50. Absent an injunction protecting its members from First Amendment retaliation, Plaintiff ATU Local 1593 has no adequate remedy at law.

51. Plaintiff ATU Local 1593 and its members have a particular interest in speaking out about matters that they perceive to affect their own health and safety and that of their passengers.

52. There is no comparable interest by the government, including a government agency such as HART, to have a prior restraint on speech critical of the government.

53. The public interest also favors an open discussion of the appropriate safety and health practices in place at HART and whether they should be changed or improved.

WHEREFORE plaintiff ATU Local 1593 prays this Court to:

A.  Enter judgment in favor of plaintiff ATU Local 1593 and against defendant HART and declare that by the acts set forth in the complaint, defendant HART has acted under color of law to deprive plaintiff ATU Local 1593 and its members of rights under the First Amendment;

B.  Preliminarily and permanently enjoin defendant HART and its agents from disciplining or discharging or threatening to discipline or discharge or take any other retaliatory action to deprive plaintiff ATU Local 1593 and its members of their rights under the First Amendment;

C.  Order defendant HART and its agents to notify the plaintiff ATU Local 1593 members by written communication in their work place mail boxes that they will not face further retaliation based on their speech protected by the First Amendment;

D.  Grant legal damages to plaintiff ATU Local 1593 and its members for the deprivation of their rights under the First Amendment; and

E.  Grant plaintiff ATU Local 1593 its legal fees and costs incurred in this action and such other relief as may be appropriate.

Date:   February 18, 2019          By:    /s Nicholas Wolfmeyer
                                          Eric Lindstrom
                                          FL Bar No. 104778
                                          Nicholas Wolfmeyer
                                          FL Bar No. 0127218
                                          Egan, Lev, Lindstrom & Siwica, P.A.
                                          Post Office Box 2231
                                          Orlando, FL 32802
                                          (407) 422-1400
                                          elindstrom@eganlev.com

                                          Thomas H. Geoghegan
                                          *Pro hac vice application forthcoming*
                                          tgeoghegan@dsgchicago.com
                                          Michael P. Persoon
                                          *Pro hac vice application forthcoming*

mpersoon@dsgchicago.com
Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St., Ste. 711
Chicago, Illinois 60602
(312) 372-2511

*Attorney for Plaintiff Amalgamated*
*Transit Union Local 1593*