UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMALGAMATED TRANSIT UNION
LOCAL 1593,

    Plaintiff,

v.                                                    Case No. 8:19-cv-00425-WFJ-AAS

HILLSBOROUGH AREA REGIONAL
TRANSIT AUTHORITY,

    Defendant.
_____/

## **ORDER**

This matter comes to the Court on Defendant Hillsborough Area Regional Transit Authority's (HART) Motion to Dismiss Plaintiff Amalgamated Transit Union Local 1593's (ATU) Amended Complaint. Dkt. 30. Plaintiff has responded in opposition. Dkt. 31. The Court DENIES Defendant's Motion to Dismiss.

## **BACKGROUND**

Plaintiff is a labor organization representing bus drivers and mechanics employed by Defendant, the government agency that provides mass transit in the Tampa area. Dkt. 29 ¶¶ 9-10. On February 13, 2019, Plaintiff and Defendant engaged in negotiations for a new collective bargaining agreement. *Id.* ¶ 12. That day, Plaintiff held a rally at a public transit center in Tampa at which several union

1

members distributed leaflets stating that Defendant's busing practices threatened worker and passenger safety and health. *Id.* ¶¶ 13-14. Plaintiff alleges that during the rally, a HART supervisor told at least two union members they would face disciplinary measures if they did not cease leafleting. *Id.* ¶ 20. The members immediately complied. *Id.*

Later that day, HART CEO Jeff Seward sent an email to ATU Vice President Curtis Howard stating:

> I have to say I am highly disappointed in ATU's approach to negotiating with HART, specifically today's rallying of our ATU membership to actively protest our organization on HART property. I have directed Ms. Lee and Mr. Brackin to ascertain the level of contract infraction this represents, as I won't tolerate this behavior by our employees, or the instigation of such behavior by your organization's non-HART employee members.

*Id.* ¶ 22. Defendant's counsel sent Howard a letter the same day stating that Defendant would sue Plaintiff and its "agents" if they did not cease their criticism of HART safety practices. *Id.* ¶ 24. Plaintiff alleges that on February 14, 2019 HART management placed a copy of that letter in the mailbox of every hourly employee to threaten litigation if Plaintiff and the employees continued to criticize Defendant. *Id.* ¶¶ 25-26.

Plaintiff's sole count is for a First Amendment violation under 42 U.S.C. § 1983. *Id.* ¶¶ 38-39. Though Plaintiff admits that Defendant has not taken any disciplinary or legal actions against Plaintiff or union members in response to the

February 13 rally, Plaintiff alleges that Defendant still exerts a chilling effect on Plaintiff's First Amendment rights. *Id.* The union members are now "more reluctant than before to participate in criticism of HART's safety practices," and Plaintiff is "unwilling to subject [its members] to disciplinary action" by encouraging them to participate in a similar rally. *Id.* ¶¶ 33-36.

Plaintiff seeks a variety of relief, including declaratory and injunctive. *Id.* at 8-9. Defendant moves to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 30 at 1.

## LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss challenges a court's subject matter jurisdiction on either facial or factual grounds. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Because Defendant brings a facial attack against Plaintiff, the Court must see if Plaintiff "has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead sufficient facts to bring a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court accepts all factual allegations as true and views them in the light most favorable to Plaintiff. *Pielage v. McConnell*, 516

3

F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts limit their analysis to the "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

The Court finds that Plaintiff has standing and has stated a plausible First Amendment claim. The Court will address the points in turn.

I. <u>Standing</u>

To establish standing, Plaintiff must demonstrate: (1) it has suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged action of Defendant; and (3) "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citation omitted). "To establish injury in fact, [Plaintiff] must show that [it] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted).

In its motion, Defendant does not deny that the threats of litigation and discipline against HART employees have chilled speech protected by the First Amendment, and that any such injury can be redressed by the Court. Instead, Defendant argues it voluntarily rescinded the threats. Dkt. 30 at 7-8. To this end,

4

Defendant relies upon counsel's oral representations at the hearing on the first motion to dismiss that Defendant will not pursue litigation. Dkt. 30 at 4, 7. Defendant also points out that the parties' collective bargaining agreement requires disciplinary procedures against employees to be initiated within ten days of an infraction, and that this ten-day window for discipline relating to the leafletting has elapsed. *Id.* at 4. But "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (citation omitted).

When a governmental actor like Defendant voluntarily rescinds its alleged misconduct, there is a rebuttable presumption that alleged misconduct will not recur if a government policy has been "unambiguously" terminated. *Troiano v. Supervisor of Elections in Palm Beach Cty, Fla.*, 382 F.3d 1276, 1283-85 (11th Cir. 2004). Such termination is unambiguous where the government replaces and applies a new policy, withdraws a statement or policy, or repeals law. *Id.* at 1284. To decide if a government's statement has rescinded alleged misconduct in a way that renders a claim moot, courts consider whether: (1) the rescission was "sufficiently unambiguous to warrant application of the presumption in favor of governmental entities"; (2) the rescission was "the result of substantial deliberation, or . . . simply an attempt to manipulate jurisdiction"; and (3) the

government has "consistently . . . adhered to a new course of conduct." *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 531-32 (11th Cir. 2013) (citations, internal quotation marks, and modifications omitted).

In analyzing the unambiguous termination of Defendant's action, the Court finds "timing and content of the decision . . . [to be] relevant." *Id*. For example, a rescission that occurs "late in the game" after the defendant receives notice of litigation might be designed to avoid litigation. *Harrell*, 608 F.3d at 1266 (citation omitted). This is especially true for a reversal "on the eve of a significant decision point in litigation." *United States v. Askins & Miller Orthopaedics, P.A.*, No. 18-11434, 2019 WL 2220128, at *5 (11th Cir. May 23, 2019) (citation omitted). And courts favor defendants who admit liability for the alleged misconduct during rescission. *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007).

Here, at least at this stage where all of Plaintiff's allegations are deemed true, Defendant's rescission does not render Plaintiff's claim moot. Defense counsel's representations do not constitute "unambiguous termination" of Defendant's alleged misconduct. The statements occurred after litigation commenced and did not appear to address Defendant's liability for its alleged misconduct. There is, furthermore, no indication that the result was the product of substantial deliberation. As for Defendant's second argument, the expiration of the

window for discipline under the collective bargaining agreement does not foreclose similar threats of discipline in the future. Additionally, the expiration does not reflect an affirmative, voluntary, and unambiguous rescission of a policy.

Turning to Plaintiff's injury, Plaintiff alleges Defendant's threats have chilled union members from criticizing HART safety practices. As recognized by the Eleventh Circuit, a plaintiff does "not have to expose [itself] to enforcement in order to challenge a law. Rather, an actual injury can exist when the plaintiff is chilled from exercising a right to free expression or forgoes expression in order to avoid enforcement consequences." *Pittman v. Cole*, 267 F.3d 1269, 1283 (11th Cir. 2001) (citation omitted). To demonstrate standing in a "chilling effect" case, Plaintiff must show that it was: (1) threatened with prosecution; (2) prosecution was likely to occur; or (3) there exists a credible threat of prosecution. *Id.* (citation omitted).

Plaintiff alleges that Defendant's counsel threatened litigation unless Plaintiff and union members ceased distribution of leaflets criticizing HART. Dkt. 29 ¶¶ 1, 22, 23, 25. The letter placed in each hourly employee's mailbox makes this clear. Plaintiff also alleges that Defendant and a HART supervisor threatened disciplinary action against union members *Id.* ¶¶ 20, 22. Lastly, Plaintiff alleges that union members continue to suffer chilling effects on their First Amendment rights due to Defendant's threats. *Id.* ¶ 34.

The cases Defendant relies upon are unavailing. The threat in *Wilkes v. Internal Revenue Serv. Jacksonville Dist.*, 509 F. Supp. 305, 311 (M.D. Fla. 1981), for example, was "hypothetical only," and there was no "live dispute" between the plaintiff and the governmental agency. 509 F. Supp. at 311. And the complaint in a similar case, *Nat'l Treasury Employees Union v. Kurtz,* 600 F.2d 984 (D.C. Cir. 1979), was devoid of allegations that "any employee ha[d] been subjected to adverse action or threats of such action, nor [did] it allege that the existence of the regulation ha[d] prevented employees from exercising protected rights." 600 F.2d at 988-89.

As explained above, Plaintiff alleges real, credible threats that chilled the speech of Plaintiff and union members. Plaintiff has established standing for its one count. The contention that the leafletting was false or defamatory is not now at issue. Whether Plaintiff can prove its case remains to be seen. It does seem unusual that bus drivers, who depend on bus ridership for their jobs, would take steps to reduce ridership.

II.  Failure to State a Claim

Defendant also moves to dismiss under Rule 12(b)(6) for failure to state a claim, apparently limited to Plaintiff's request for injunctive relief. Dkt. 30 at 7-8. Defendant claims there is no irreparable or actual injury because Defendant "has not issued any disciplinary action or filed a law suit," and there is "no imminent

threat of disciplinary action or retaliation in light of the fact that HART has unequivocally stated that it *will not* file a lawsuit and *cannot* issue any disciplinary action based on the February leafletting." *Id.* at 8 (emphasis in original). Yet, for the reasons discussed above, the Court finds that Plaintiff has sufficiently pled injury at this stage. *See also KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (citation omitted) (finding that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm.").

## CONCLUSION

The Court DENIES Defendant's Motion to Dismiss. Dkt. 30.

**DONE AND ORDERED** at Tampa, Florida, on June 19, 2019.

>  */s/ William F. Jung*
>  **WILLIAM F. JUNG**
>  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record